IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.

THOMAS RAY MARTINEZ

    Plaintiff,

v.

MILLERCOORS LLC GROUP INSURANCE PLAN and
MILLERCOORS LLC BENEFIT PLAN COMPLIANCE AND ADMINISTRATION SUBCOMMITTEE
    Defendants.

---

# COMPLAINT

---

Plaintiff Thomas Ray Martinez ("Martinez") by and through his attorneys, H&K Law, LLC, submits the following Complaint against Defendants MillerCoors LLC Group Insurance Plan and MillerCoors LLC Benefit Plan Compliance and Administration Subcommittee and states as follows:

## PARTIES

1. Mr. Martinez is an individual who resides at 9351 W. Cornell Place, Lakewood, Colorado 80227.

2. MillerCoors LLC Group Insurance Plan is the plan that governs the group insurance plans at issue in this action (the "Plan").

3. MillerCoors LLC Benefit Plan Compliance and Administration Subcommittee is the administrator for the Plan ("Plan Administrator").

4. The Plan and the Plan Administrator have a principal location at 3939 W. Highland Blvd. Milwaukee, WI 53208 and cover Colorado-based employees of MillerCoors LLC and its affiliates.

5. By its own terms, the Plan is a welfare benefit plan covered by and subject to the Employment Retirement Income Security Act of 1974, as amended ("ERISA").

## JURISDICTION

6. This Court has jurisdiction over the parties to this lawsuit because the underlying events occurred in the State of Colorado and the Defendants conduct business in Colorado through their coverage of Colorado employees of MillerCoors LLC and its affiliates.

7. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331 because it arises under a federal statute, ERISA, particularly 29 U.S.C. § 1132(a)(1)(B).

## GENERAL ALLEGATIONS

8. Mr. Martinez worked for Coors Distributing Company, a division of Molson Coors, LLC ("Coors") and affiliate of MillerCoors, LLC, for 12 years, successfully.

9. He was a regular, full-time employee working as an Inventory Manager.

10. In December 2016, Mr. Martinez was exposed to fumes from solvents, not through any fault or intentional conduct on his part.

11. By the second week of December, Mr. Martinez began experiencing headaches. The pain progressed and by December 10, he woke up with visual interference as well. From approximately December 11-15, 2016, Mr. Martinez experienced headaches, nausea, vomiting, and continued visual interference.

12. On December 15, 2016, Mr. Martinez went to the doctor where he was prescribed migraine medication. On December 16, 2016, he worked while suffering from nausea and could not drive due to visual interference.

13. By December 19, 2016, Mr. Martinez attempted to work but could not, due to a migraine and tunnel vision. Later that afternoon, he was treated at the Kaiser Permanente Acute Diagnosis Center. His symptomology and exam results were so concerning, he was referred for urgent follow-up.

14. During this time, Mr. Martinez experienced profound vision loss and he was admitted to the hospital on or around December 21, 2016, again experiencing headaches and vomiting. On or about December 21, 2016, Mr. Martinez's vision loss became complete, rendering him blind in both eyes.

15. During Mr. Martinez's ten-day hospital stay, extensive tests and exams were conducted. Genetics and family medical history were eliminated as causal factors. No weakness, numbness or imbalance was found.

16. To date, all the studies and exams have been negative for infirmity, illness (including inflammatory and infectious etiologies) and disease.

17. Ultimately, Mr. Martinez was diagnosed with idiopathic optic neuritis, although it is his strong belief that his symptoms, MRI results and diagnosis are consistent with solvent neurotoxicity.

18. While employed at Coors, Mr. Martinez was covered as an insured/covered employee under two Accidental Death and Dismemberment ("AD&D") policies sponsored by MillerCoors LLC, and administered by the Plan Administrator, and the claims administrator,

third-party insurer Minnesota Life Insurance Company ("Minnesota Life"). One policy's premiums were paid for by Coors, insuring covered employees for AD&D events ("Policy 34102"). The other policy's premiums were paid for by Mr. Martinez as voluntary, supplemental AD&D insurance ("Policy 34103"). Both Policies are part of the Plan.

19. Under Policy 34102, Mr. Martinez was a Class 1 employee insured for AD&D benefits in the amount of twice his annual salary, which equaled $130,000. Policy 34102 paid 100% benefits for the total loss of vision in both eyes.

20. Under Policy 34103, Mr. Martinez was a Class 1 employee insured for voluntary AD&D benefits in the amount of $600,000. Policy 34103 paid 100% benefits for the total loss of vision in both eyes.

21. Due to his sudden onset total blindness, Mr. Martinez suffered an accidental injury as covered by the above Policies/Plan.

22. Mr. Martinez timely filed claims for AD&D benefits and exhausted his administrative remedies under the Plan.

23. The Plan did not contest Mr. Martinez's eligibility or timeliness in filing claims but denied his claims on the ground that his blindness did not meet the Plan's definition of accidental injury.

24. In the final adverse determination letter dated March 8, 2018, Minnesota Life, acting on behalf of the Plan, claimed to enclose copies of the above Policies, but failed to so do. In June 2019, Mr. Martinez again requested review of his claim and copies of the relevant documents. On June 20, 2019, Minnesota Life did not conduct any additional review and simply

resent earlier denial letters to Mr. Martinez, again failing to enclose copies of the above Policies or Plan documents, as the letter (falsely) indicated it had done.

25. The ERISA notice of rights attached to the final adverse determination letter was defective, in that, among other insufficiencies, it failed to specify any Plan statutes of limitation.

26. Mr. Martinez brings this Complaint to recover the above determinable sums due him from the Plan.

27. All conditions precedent to the maintenance of this action have been met.

## FIRST CLAIM FOR RELIEF
### (ERISA Section 502 Claim for Benefits)

28. Mr. Martinez incorporates all allegations above as if stated in full herein.

29. Mr. Martinez was a covered insured for AD&D benefits under the Plan terms.

30. Mr. Martinez suffered sudden onset total blindness in both eyes while an employee of Coors.

31. Mr. Martinez has not recovered any vision in either eye.

32. Mr. Martinez's diagnosis of idiopathic optic neuritis qualifies as an accidental injury under Plan terms.

33. The Plan wrongfully denied Mr. Martinez benefits in the amount of $730,000.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Mr. Martinez respectfully requests that the Court enter judgment in his favor on his claim against the Defendants and award him the following relief:

- Pre- and post-judgment interest, costs and attorney's fees;

- Payment in the form of the full value of the AD&D benefits to which he is entitled under Policy 34012 and 34103 in the amount of $730,000; and

- All other relief and damages as allowed by law.

DATED: April 28, 2021.

Respectfully submitted,

/s/ Susan P. Klopman
H&K Law, LLC
3900 E. Mexico Ave. Ste. 330
Denver, CO 80210
303.749.0659
sklopman@hklawllc.com

Plaintiff's address:
9351 W. Cornell Place
Lakewood, Colorado 80227